```
         IN THE UNITED STATES DISTRICT COURT
         FOR THE WESTERN DISTRICT OF TENNESSEE
                    WESTERN DIVISION
```

ANTHONY EUGENE MILLER,

   Plaintiff,

vs.           No. 05-2752-Ml/V

STATE OF INDIANA, et al.,

   Defendants.

---

### ORDER TRANSFERRING CASE PURSUANT TO 28 U.S.C. § 1406(a)

---

  Plaintiff Anthony Eugene Miller, a resident of Memphis, filed a *pro se* complaint on the form used for actions pursuant to 42 U.S.C. § 1983 on October 7, 2005, along with an *in forma pauperis* affidavit and a motion for appointment of counsel. Because the case is being transferred, the filing fee issue and the motion for appointment of counsel should be addressed by the transferee court. The Clerk shall record the defendants as the State of Indiana and the Indiana Department of Workplace Development.

  Twenty-eight U.S.C. § 1391(b) authorizes the commencement of a civil action only in a judicial district

> (1) where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . , or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

  This claim has no connection with the Western Division of this district apart from the fact that the plaintiff currently

This document entered on the docket sheet in compliance
with Rule 58 and/or 79(a) FRCP on  11-28-05



resides here. The defendants are the State of Indiana and an Indiana state agency, and the allegedly wrongful act—which was apparently the denial of the plaintiff's application for unemployment compensation benefits—occurred in the State of Indiana. Accordingly, the complaint asserts no basis for venue in the Western Division of this district.

Twenty-eight U.S.C. § 1406(a) states:

> The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.

For the reasons stated, this action should have been brought in the State of Indiana. A previous lawsuit brought by this plaintiff against these defendants was transferred to the United States District Court for the Southern District of Indiana, Indianapolis Division. <u>Miller v. Indiana Dep't of Workforce Development, et al.</u>, No. 05-2094-Ma/P (W.D. Tenn. transferred May 23, 2005). Therefore, it is hereby ORDERED, pursuant to 28 U.S.C. § 1406(a), that this case is TRANSFERRED, forthwith, to the Southern District of Indiana, Indianapolis Division.

IT IS SO ORDERED this 22 day of November, 2005.

JON PHIPPS McCALLA
UNITED STATES DISTRICT JUDGE

2

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 3 in case 2:05-CV-02752 was distributed by fax, mail, or direct printing on November 28, 2005 to the parties listed.

---

Anthony E. Miller
3090 Overbrook Rd.
Memphis, TN 38128

Honorable Jon McCalla
US DISTRICT COURT